# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ENDOBOTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DMA-1-24-cv-10746 |
| | ) | |
| HOLOGIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND .................................................................................................. 1

III.   LEGAL STANDARD ........................................................................................... 3

IV.    ARGUMENT ....................................................................................................... 3

    A.   The Complaint Fails To Plausibly Allege Direct Infringement. ................................. 3

    B.   The Complaint Fails To Plausibly Allege Induced Infringement. ........................... 7

    C.   The Complaint Fails To Plausibly Allege Contributory Infringement..................... 11

    D.   The Complaint Fails To Plausibly Allege Willful Infringement............................. 14

V.     CONCLUSION.................................................................................................... 16

**TABLE OF AUTHORITIES**

**Page(s)**

<u>Cases</u>

*Addiction & Detoxification Institute L.L.C. v. Carpenter,*
620 F.App'x. 934 (Fed. Cir. 2015) ......................................................................14

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..........................................................................................1, 3

*Automated Pet Care Prods., LLC v. Purlife Brands, Inc.,*
No. 22-CV-04261-VC, 2023 WL 4557274 (D. Del. July 17, 2023) .........................7

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..........................................................................................1, 3

*Bench Walk Lighting LLC v. LG Innotek Co.,*
530 F.Supp.3d 468 (D. Del. 2021)........................................................................14

*Bot M8 LLC v. Sony Corp. of Am.,*
4 F.4th 1342 (Fed. Cir. 2021) .................................................................3, 4, 5, 6

*Canon, Inc. v. Avigilon USA Corp. Inc.,*
411 F.Supp.3d 162 (D. Mass. 2019) .......................................................7, 8, 14, 15

*Cellcontrol, Inc. v. Mill Mountain Capital, LLC,*
No. 7:21-CV-246, 2022 WL 598752 (W.D. Va. Feb, 28, 2022) ..............................7

*Cleveland Med. Devices Inc. v. Resmed Inc.,*
No. CV 22-794-GBW, 2023 WL 6389628 (D. Del. Oct. 2, 2023)............................10, 11, 16

*Commil USA, LLC v. Cisco Sys.,*
575 U.S. 632 (2015)..........................................................................................12

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC,*
638 F.Supp.3d 1088 (N.D. Cal. 2022) ...................................................................15

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.,*
946 F.3d 1367 (Fed. Cir. 2020)............................................................................14

*Evolved Wireless, LLC v. Samsung Elecs. Co.,*
No. CV 15-545-SLR-SRF, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ................11

*Global-Tech Appliances, Inc. v. SEB S.A.,*
563 U.S. 754 (2015)..........................................................................................8, 12

*Heidary v. Amazon.com, Inc.*,
    No. CV TDC-22-2319, 2023 WL 8653184 (D. Md. Dec. 14, 2023)........................................6

*iFIT Inc. v. Peloton Interactive, Inc.*,
    No. CV 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ....................................14, 15

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1371 (Fed. Cir. 2017)........................................................................................7

*Malvern Panalytical Ltd v. TA Instruments-Waters LLC*,
    No. 19-CV-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021) ....................................16

*Massachusetts Inst. of Tech. v. Shire PLC*,
    No. 1:13-CV-10020-MLW, 2014 WL 404696 (D. Mass. Feb. 2, 2014) ................................11

*Metricolor LLC v. L'Oreal S.A.*,
    791 F.App'x. 183 (Fed. Cir. 2019) ....................................................................................6

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
    No. 20-CV-12310, 2023 WL 6619360 (D. Mass. Oct. 11, 2023) ............................7, 9, 10, 12

*Select Retrieval, LLC v. Bulbs.com Inc.*,
    No. CIV.A. 12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012) ..................8, 12, 13

*Splunk Inc. v. Cribl, Inc.*,
    662 F. Supp. 3d 1029 (N.D. Cal. 2023) ........................................................................14, 15

*Sunrise Techs., Inc. v. CIMCON Lighting, Inc.*,
    219 F.Supp.3d 260 (D. Mass. 2016) ................................................................................14

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
    No. 12-cv-11935-PBS, 2014 U.S. Dist. LEXIS 203815 (D. Mass. May 8,
    2014) ........................................................................................................................10, 14

*Varian Med. Sys., Inc. v. Elekta AB*,
    No. CV 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ........................................10

*Wrinkl, Inc. v. Facebook, Inc.*,
    No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021)......................................16

*ZapFraud, Inc., v. Barracuda Networks, Inc.*,
    528 F.Supp.3d 247 (D. Del. 2021)..............................................................................9, 12, 15

*Zond, Inc. v. Fujitsu Semiconductor Ltd.*,
    990 F.Supp.2d 50 (D. Mass. 2014) ................................................................................8, 9

*Zond, Inc. v. SK Hynix Inc.*,
    No. 13-11591-RGS, 2014 WL 346008 (D. Mass. Jan. 31, 2014)........................................8, 15

**<u>Statutes</u>**

35 U.S.C. § 271(b) ....................................................................................................7, 10, 12

35 U.S.C. § 271(c) ...................................................................................................11, 12, 13

**<u>Other Authorities</u>**

Federal Rule of Civil Procedure 11(b)(3) .........................................................................8

Federal Rule of Civil Procedure 12(b)(6) ......................................................................1, 3

## I.    INTRODUCTION

In its Complaint, Plaintiff Endobotics, LLC ("Endobotics") purports to assert direct infringement, induced infringement, contributory infringement, and willful infringement of three patents—U.S. Patent No. 7,147,650 (the "'650 Patent"), U.S. Patent No. 7,338,513 (the "'513 Patent"), and U.S. Patent No. 7,364,582 (the "'582 Patent") (collectively, the "Asserted Patents")—against Defendant Hologic, Inc. ("Hologic") with respect to certain products from Hologic's "CoolSeal Portfolio" (the "Accused Products"). As explained below, the Complaint fails to meet the plausibility standard set forth in *Twombly* and *Iqbal*.

First, the Complaint does not adequately show that certain material claim limitations are present in the Accused Products. Second, the Complaint does not provide sufficient factual content to support an inference that Hologic had knowledge of the Asserted Patents prior to the filing of this suit, which alone is enough to defeat the claims of induced infringement, contributory infringement, and willful infringement.  Finally, with regard to induced and contributory infringement, the Complaint merely parrots the remaining legal elements without providing sufficient factual support.  For willful infringement, Endobotics further fails to allege facts supporting an inference that Hologic knew or should have known that its activity was infringing the Asserted Patents.

Because the Complaint does not state a plausible claim for direct infringement, induced infringement, contributory infringement, or willful infringement, these claims should be dismissed under Rule 12(b)(6).

## II.    BACKGROUND

Endobotics filed its Complaint on March 22, 2024. (ECF No. 1.) The Asserted Patents relate to surgical instruments that are capable of manual manipulation of tissues in minimally

invasive surgery. (*See, e.g.*, *id.*, Ex. A ['650 Patent], 1:5–8.) The Asserted Patents belong to the same family of patents, with all three claiming priority (at least in part) to U.S. Pat. App. No. 10/822,081 (the "'081 Application"), filed on April 12, 2004. The '513 and '582 Patents expired on April 12, 2024 (20 years from the April 12, 2004 filing date of the '081 Application), and the '650 Patent, based on its cover page, is set to expire on July 6, 2024.[1]

Regarding direct infringement, the Complaint purports to map the Accused Products to one exemplary claim of each Asserted Patent: claim 60 of the '650 Patent, claim 1 of the '513 Patent, and claim 41 of the '582 Patent. (*Id.*, ¶¶ 15–21 ('650 Patent, claim 60), ¶¶ 33–42 ('513 Patent, claim 1), ¶¶ 54–62 ('582 Patent, claim 41).) Among them, claim 60 of the '650 Patent requires "a bendable motion member." (*See, e.g.*, *id.*, Ex. A ['650 Patent], 22:4–5.) A "bendable motion member" is a material element of claim 60 because the specification describes it in detail, provides a definition, and distinguishes prior art on that basis. (*Id.*, 4:61–64 (distinguishing a "bendable motion member" from an object that pivots); 5:2–6 (providing a definition for "bendable motion member"); 15:31–16:28 (describing six attributes of a "bendable member" as "improvements" over "other mechanisms").) Relatedly, claim 1 of the '513 Patent and claim 41 of the '582 Patent each require a "proximal bendable member." (*Id.*, Ex. B ['513 Patent], 20:11; *id.*, Ex. C ['582 Patent], 20:26.)[2] Despite the fact that these limitations appear in all of the asserted claims, the Complaint does not identify a plausible structure in the Accused Products that corresponds to these claim limitations.

---

[1] The '650 Patent was granted 85 days of term extension, which accounts for the later expiration date of July 6, 2024 (20 years from the April 12, 2004 filing date of the '081 Application plus 85 days of patent term adjustment). (*See, e.g.*, ECF No. 1, Ex. A ['650 Patent], Cover.)
[2] The '582 and '650 Patents share an identical written description. The written description of the '513 Patent has minor, insignificant differences.

Additionally, the Complaint alleges induced and contributory infringement by largely reciting the legal elements of those two types of infringement. (*Id.*, ¶¶ 23–26, 44–47, 64–67.) The Complaint further alleges willful infringement of the Asserted Patents. (*Id.*, ¶¶ 31, 52, 72.) However, the Complaint does not allege that Hologic had pre-filing knowledge of the Asserted Patents. (*See, e.g.*, *id.*, ¶ 24 (alleging that Hologic "learn[ed] of the '650 Patent, at least by the filing of this Complaint"), ¶ 45 (same with respect to the '513 Patent), ¶ 65 (same with respect to the '582 Patent).)

## III.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To adequately state a claim, a complaint must contain sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## IV.    ARGUMENT

### A.    The Complaint Fails To Plausibly Allege Direct Infringement.

Under *Iqbal* and *Twombly*, a plaintiff "cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id*. "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly

infringing device." *Id.* The Complaint here fails to provide sufficient factual basis to plausibly allege direct infringement with respect to a material claim limitation in each Asserted Claim, namely, a "bendable motion member" in claim 60 of the '650 Patent and a "proximal bendable member" in claim 1 of the '513 Patent and claim 41 of the '582 Patent.

**First**, the Complaint merely lumps four different claim limitations together (highlighted in different colors below), including the limitation containing the phrase "bendable motion member" (highlighted in yellow below). (ECF No. 1, ¶ 20.) Those four limitations refer to at least three unique, structurally related components: (1) a "control handle," (2) a "second movable member" that "couples" the "control handle" to the "shaft," and (3) a "bendable motion member" that is part of "at least one of said first and second [movable] members." (*Id.*) The Complaint then points a red arrow to the "control handle of the Accused Products"—without identifying which part of the "control handle" corresponds to a "bendable motion member" (or the "second movable member"). (*Id.*)



In *Bot M8*, claims of one asserted patent required a "mutual authentication" limitation. 4 F.4th at 1354. In an amended complaint, the patentee pointed to four different components that purported to satisfy the "mutual authentication" limitation. *Id*. The Federal Circuit affirmed the district court's dismissal of the direct infringement claim. *Id*. at 1355. While the patentee "points to different storage components in the allegedly infringing devices, it never says which one or ones satisfy the mutual authentication limitation." *Id*.

Here, Endobotics pled even less than the patentee in *Bot M8* did. The Complaint does not even point to any structure within the control handle of each Accused Product that could possibly satisfy the "bendable motion member" limitation.[3] Like in *Bot M8*, the Court should dismiss the direct infringement claim based on the '650 Patent.

***Second***, claim 1 of the '513 Patent and claim 41 of the '582 Patent require a "proximal bendable member." While Endobotics alleges that "images showing proximal bendable member of the Accused Products," it is not clear which structure in each Accused Product that Endobotics alleges to be the "proximal bendable member." (ECF No. 1, ¶¶ 40, 61.)

40.     Each of the Accused Products includes a ==proximal bendable member== for coupling the proximal end of said elongated instrument shaft to said handle, including as shown below (images showing proximal bendable member of the Accused Products).



---

[3] In fact, the Complaint also does not identify which part of the "control handle" in each Accused Product corresponds to the "second movable member." Similarly, the Complaint does not identify a component corresponding to the "first movable member." (*Id.*, ¶ 19). Nor does the Complaint indicate whether the "first movable member" also comprises a "bendable motion member." (*Id.*)

Again, the Complaint pleads less than the patentee did in *Bot M8* with respect to the "proximal bendable member" limitation because it does not specify which structure is allegedly the "proximal bendable member" in each Accused Product. Like in *Bot M8*, the Court should dismiss the direct infringement based on claim 1 of the '513 Patent and claim 41 of the '582 Patent.

Indeed, nothing in the general areas of the Accused Products where the arrows are pointed to are even bendable, thus making Endobotics's infringement claim implausible. *See Bot M8*, 4 F.4th at 1354 (affirming dismissal of direct infringement of a patent because "the factual allegations are actually *inconsistent* with and contradict infringement") (emphasis in original); *Metricolor LLC v. L'Oreal S.A.*, 791 F.App'x. 183, 188 (Fed. Cir. 2019) (affirming dismissal of direct infringement claim under 12(b)(6) because the accused product had an "open hole," contradicting the allegation of an 'air-tight' seal"); *Heidary v. Amazon.com, Inc.*, No. CV TDC-22-2319, 2023 WL 8653184, at *6 (D. Md. Dec. 14, 2023) (dismissing claim of direct infringement "where the 'nature of the allegedly infringing device' appears to differ from the system described in the '862 Patent"); *Automated Pet Care Prods., LLC v. Purlife Brands, Inc.*, No. 22-CV-04261-VC, 2023 WL 4557274, *1 (D. Del. July 17, 2023) (dismissing claim of direct infringement because "the photos in the complaint belie the assertion that any portion of the rear of the chamber remains uncovered in the Leo's Loo products"); *Cellcontrol, Inc. v. Mill Mountain Capital, LLC*, No. 7:21-CV-246, 2022 WL 598752, *3 (W.D. Va. Feb, 28, 2022) ("In short, because the allegations of the FAC are inconsistent with the video upon which Cellcontrol founds its allegations, the court is compelled to conclude that those allegations are implausible.").[4]

---

[4] Because the Complaint fails to adequately plead direct infringement of each Asserted Patent, the induced infringement, contributory infringement, and willful infringement allegations in the Complaint, based on the inadequately-pled direct infringement, also fail. Further, as discussed in the remaining brief, these allegations fail for additional reasons.

**B.      The Complaint Fails To Plausibly Allege Induced Infringement.**

To plausibly allege induced infringement under 35 U.S.C. § 271(b), this Court has recognized that "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Ocean Semiconductor LLC v. Analog Devices, Inc.*, No. 20-CV-12310, 2023 WL 6619360, at *3 (D. Mass. Oct. 11, 2023) (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1371, 1339 (Fed. Cir. 2017)); *see also Canon, Inc. v. Avigilon USA Corp. Inc.*, 411 F.Supp.3d 162, 164 (D. Mass. 2019) ("To state a viable claim for induced infringement, plaintiff must allege that defendant (1) knew of the patent, (2) knowingly induced infringing acts, and (3) acted with specific intent.") (citation omitted). Endobotics fails to sufficiently plead facts supporting an induced infringement claim.

*First*, the only reference to Hologic's knowledge of the Asserted Patents in the Complaint is the allegation that Hologic became aware of them by the filing of the Complaint. Because Endobotics has not pled pre-filing knowledge of the Asserted Patents, it cannot support any pre-filing knowledge of infringement of the Asserted Patents by others or any pre-filing intent to encourage others to infringe. Thus, the pre-filing induced infringement claim in the Complaint must fail.

As to post-filing induced infringement, while this Court has not specifically addressed this issue, the majority of courts in this District has held that a complaint itself cannot support post-filing induced infringement in the same complaint. *Canon*, 411 F.Supp.3d at 165 (Judge Gorton, "following the practice of the majority of courts in this district," allowed defendant's motion to dismiss claims for induced infringement because the complaint was insufficient to serve as knowledge of the asserted patent for supporting post-filing induced infringement); *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F.Supp.2d 50, 57 (D. Mass. 2014) (Judge Young holding that

7

"pre-filing knowledge of the patent must be established before a claim of induced infringement may succeed"); *Zond, Inc. v. SK Hynix Inc.*, No. 13-11591-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014) (Judge Sterns holding that "pleading actual knowledge as of the date of the filing of the original complaint sufficiently states a claim for induced infringement, but only in a later amended complaint"); *Select Retrieval, LLC v. Bulbs.com Inc.*, No. CIV.A. 12-10389-TSH, 2012 WL 6045942, at *5–6 (D. Mass. Dec. 4, 2012) (Judge Hillman dismissing claims of indirect infringement because "the filing of a lawsuit is not enough to support Select's claim for indirect infringement").

The rationale in the majority view is sound. In *Global-Tech Appliances, Inc. v. SEB S.A.*, the U.S. Supreme Court held that a claim for induced infringement requires "knowledge of the existence of the patent that is infringed." 563 U.S. 754, 765–66 (2015). If a complaint can provide sufficient knowledge for post-filing induced infringement in the same complaint, it would "vitiate this explicit requirement" of the knowledge of the existence of the patent for induced infringement. *Zond*, 990 F.Supp.2d at 57. In other words, "all complaints will automatically satisfy this requirement upon filing, and it would be superfluous." *Id*. Further, Federal Rule of Civil Procedure 11(b)(3) requires factual contentions made in a pleading have "evidentiary support." Fed. R. Civ. P. 11(b)(3). As Judge Young noted, "[i]t is difficult to perceive how a plaintiff, when relying upon post-filing knowledge to satisfy the requirements of a claim of induced infringement, can have any evidentiary support for its claim at the time of filing." *Zond*, 990 F.Supp.2d at 57. Moreover, it is "neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement." *ZapFraud, Inc., v. Barracuda Networks, Inc*., 528 F.Supp.3d 247, 249–51 (D. Del. 2021). For all of these reasons, this Court

should allow the motion to dismiss both pre-filing and post-filing induced infringement claims for failing to plead pre-filing knowledge of the Asserted Patents.[5]

**Second**, regarding knowledge of infringement by others, the Complaint merely alleges (*inter alia*) that "by failing to cease offering the Accused Products, Hologic has knowingly and intentionally induced and continues to knowingly and intentionally to induce others . . ., including but not limited to Hologic's customers and/or ultimate end users, to directly infringe one or more claims of the" Asserted Patents. (*See* ECF No. 1, ¶¶ 24, 45, 65.) Such conclusory allegations are devoid of supporting facts explaining **how** the third parties directly infringe the Asserted Patents, **how** Hologic had knowledge that its alleged actions would induce that direct infringement, or **how** there is a causal link between the allegedly inducing acts and that direct infringement. Such a bare recital of claim elements fails to meet the pleading standard. *See Ocean Semiconductor*, 2023 WL 6619360, at *5 (finding that knowledge of a patent alone was insufficient to "provide the necessary knowledge to hold an accused infringer liable for inducing infringement . . .."); *Cleveland Med. Devices Inc. v. Resmed Inc.*, No. CV 22-794-GBW, 2023 WL 6389628, at *5 (D. Del. Oct. 2, 2023) (dismissing claims of induced infringement where the complaint did not allege knowledge of infringing acts; explaining that "induced infringement under 35 U.S.C. § 271(b) requires, *inter alia*, proof that the defendant knew or should have known that the induced acts constitute patent infringement") (internal quotation omitted); *Varian Med. Sys., Inc. v. Elekta AB*, No. CV 15-871-LPS, 2016 WL 3748772, at *4 (D. Del. July 12, 2016) (dismissing inducement claims, in part,

---

[5] Alternatively, because (1) the '513 and '582 Patents expired on April 12, 2024 and (2) the '650 Patent is set to expire on July 6, 2024, the Complaint should not constitute adequate notice in any event given the short periods of time between the filing of the Complaint and the patent expiration dates. *See Ocean Semiconductor*, 2023 WL 6619360, at *5 ("[E]ven if a complaint constitutes notice," filing a second amendment complaint four days before the asserted patent expire did "not constitute adequate notice" for an induced infringement claim in a third amended complaint.).

because "the Complaint does not adequately allege that *any third party actually used* the accused device" and "the Complaint does not sufficiently articulate *how* this use of the product can be said to constitute infringement") (emphases in original), *report and recommendation adopted*, No. CV 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016).

*Finally*, with respect to intent, the Complaint alleges that Hologic induced infringement by "providing instructions or information to explain how to use the Accused Products in an infringing manner (including, for example, via promotional materials and videos provided on Hologic's websites); and (2) touting these infringing uses of the Accused Products in Hologic's advertisements and other public content." (ECF No. 1, ¶¶ 25, 46, 66). However, the Complaint does not allege any facts showing that Hologic has or had the specific intent to induce third parties to infringement the Asserted Patents. *See Ocean Semiconductor*, 2023 WL 6619360, at *4 (holding that general statements were insufficient to "provide notice to meet the scienter requirement" for induced infringement); *Trs. of Boston Univ. v. Everlight Elecs. Co*., No. 12-cv-11935-PBS, 2014 U.S. Dist. LEXIS 203815, *15–16 (D. Mass. May 8, 2014) (Judge Boal: "Although BU mentions marketing, instructional and technical materials, it does not allege any facts regarding what those materials say that would show that BU intended its customers to infringe the '738 Patent. Courts have found similar, and indeed more detailed, allegations to be insufficient to state a claim for induced infringement."); *Massachusetts Inst. of Tech. v. Shire PLC*, No. 1:13-CV-10020-MLW, 2014 WL 404696, at *8 (D. Mass. Feb. 2, 2014) ("[A]n induced infringement claim will not pass muster under 12(b)(6) when the plaintiff does not allege any facts to support a reasonable inference that the defendant specifically intended to induce infringement or that it knew it had induced acts that constitute infringement.") (internal quotation and formatting omitted); *Cleveland Med. Devices Inc.*, 2023 WL 6389628, at *6 ("CleveMed does not explain what ResMed purportedly

10

provides in its instructions to customers that resulted in infringing use—an omission that further discourages this Court to find CleveMed's claims well-pled.") (internal citation omitted); *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. CV 15-545-SLR-SRF, 2016 WL 1019667, at *6 (D. Del. Mar. 15, 2016) ("Because the complaint fails to sufficiently allege that Samsung understood the infringing nature of the asserted conduct prior to commencement of the suit, Evolved Wireless has not adequately pleaded that Samsung specifically intended that its customers would infringe the patents-in-suit."), *report and recommendation adopted*, No. 15-545-SLR-SRF, 2016 WL 1381765 (D. Del. Apr. 6, 2016).

For the foregoing reasons, the Complaint fails to adequately plead induced infringement, and the Court should accordingly dismiss the claims of induced infringement.

### C.     The Complaint Fails To Plausibly Allege Contributory Infringement.

Under 35 U.S.C. § 271(c), a party is liable for contributory infringement if he or she "offers to sell or sells within the United States or imports into the United States . . . a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." The Complaint fails to plausibly plead contributory infringement.

***First***, like inducement, contributory infringement requires the knowledge of the patents at issue. *See, e.g.*, *Global-Tech Appliances*, 563 U.S. at 765–66 (holding that "§ 271(c) requires knowledge of the existence of the patent that is infringed," and "the same knowledge is needed for induced infringement under § 271(b)"); *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."); *Ocean Semiconductor*, 2023 WL 6619360, at *3 (this Court quoting *Global-Tech Appliances* and *Commil USA* regarding the "knowledge requirement"

11

for induced and contributory infringement); *ZapFraud*, 528 F.Supp.3d at 249 ("Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent."). As such, for the same reasons discussed above related to induced infringement, the Court should similarly require pre-filing knowledge for claims of contributory infringement and dismiss those claims accordingly. *See Commil USA*, 575 U.S. at 641 ("[R]ules concerning contributory infringement [are] relevant to induced infringement, because the mental state imposed in each instance is similar.").

> **Second**, regarding the remaining requirements of contributory infringement, the Complaint merely parrots the statutory language. In *Select Retrieval*, Judge Hillman dismissed the claim of contributory infringement because the allegations merely recited the statutory elements and were "nothing more than legal conclusions with little or no factual support." 2012 WL 6045942, at *5. That court further explained that:

> Select must do more than recite the statutory elements of an indirect infringement claim. Because the allegations fall woefully short of establishing a plausible claim for contributory infringement or infringement by inducement, as to these claims Bulb.com's motion to dismiss is allowed.

*Id.* The present Complaint is similarly deficient. For example, regarding contributory infringement of the '650 Patent, the full extent of Endobotics's allegations is:

> Upon information and belief, Hologic also indirectly infringes the '650 Patent by contributing to the direct infringement of Hologic's customers and/or ultimate end users under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a **component of the Accused Products**, or **a material or apparatus for use in practicing a process claimed in the '650 Patent**, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '650 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

(ECF No. 1, ¶ 26 (emphases added); *see also id.* at ¶ 47 (same for the '513 Patent), ¶ 67 (same for the '582 Patent).)

Specifically, the Complaint does not provide any information regarding "a component of the Accused Products" that Hologic allegedly provided to a third party to contribute to direct infringement. (*Id.*) Endobotics also does not provide any facts to support (1) how the purported "component of the Accused Products" is a "material part" of any claim of the Asserted Patents; (2) how Hologic knew that "component of the Accused Products" is "especially made or especially adapted for use" in the alleged infringement of the Asserted Patents; or (3) how that "component of the Accused Products" is not a staple article or commodity of commerce suitable for substantial noninfringing use." (*Id.*)

Endobotics also alleges, as an alternative, that Hologic has supplied "a material or apparatus for use in practicing a process claimed" in the Asserted Patents. (*Id.*) Yet, Endobotics does not provide any facts or explanation as to how any party allegedly infringes a claimed process. None of the exemplary claims (claim 60 of the '650 Patent, claim 1 of the '513 Patent, and claim 41 of the '582 Patent) is a process claim. Rather, all of them are product claims.

For all of the above reasons, the Court should dismiss Endobotics's allegations of contributory infringement. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F.App'x. 934, 938 (Fed. Cir. 2015) (affirming dismissal of contributory infringement claims because the complaint did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Sunrise Techs., Inc. v. CIMCON Lighting, Inc.*, 219 F.Supp.3d 260, 264 (D. Mass. 2016) (Judge Gorton dismissing contributory infringement claim because "Plaintiff has not pled any facts that show that the accused products have no substantial non-infringing uses or that the accused products are especially made or adapted for

infringing uses"); *Trs. of Boston Univ.*, 2014 U.S. Dist. LEXIS 203815, at \*14 (Judge Boal dismissing "conclusory" contributory infringement allegations); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F.Supp.3d 468, 491 (D. Del. 2021) (finding contributory infringement claims deficient where the complaint failed to explain direct infringement by a third party and the "contributory infringement allegations otherwise simply track the legal elements of such a claim, without providing any facts that flush out why it is plausible that those elements are met").

### D.      The Complaint Fails To Plausibly Allege Willful Infringement.

In order to sufficiently plead willful infringement, a plaintiff must plausibly allege (1) knowledge of the patent-in-suit and (2) knowledge of infringement. *See, e.g.*, *Canon*, 411 F.Supp.3d at 165; *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1036 (N.D. Cal. 2023); *iFIT Inc. v. Peloton Interactive, Inc.*, No. CV 21-507-RGA, 2022 WL 609605, at \*1–2 (D. Del. Jan. 28, 2022) (citing *Eko Brands*, *LLC v. Adrian Rivera Maynez Enters., Inc*., 946 F.3d 1367, 1378-1379 (Fed. Cir. 2020). Endobotics fails to plead both.

***First***, as previously discussed in relation to the claims of indirect infringement, Endobotics does not allege that Hologic had pre-filing knowledge of the Asserted Patents. Thus, for the same reasons discussed above in the context of indirect infringement, Endobotics's claims of pre-filing and post-filing willful infringement should be dismissed. *See Canon*, 411 F.Supp.3d at 165 (Judge Gorton dismissing both pre-suit and post-suit claims for willful infringement because the plaintiff did not plead pre-suit knowledge of the patents-in-suit); *SK Hynix Inc.*, 2014 WL 346008, at \*3 (Judge Sterns dismissing both pre-suit and post-suit willfulness claim because of the absence of "pre-filing knowledge" of the patents at issue); *ZapFraud*, 528 F.Supp.3d at 252 ("[C]onclud[ing] that the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same

lawsuit"); *Splunk*, 662 F. Supp. 3d at 1040 (dismissing willful infringement claims because plaintiff failed to sufficiently "plead pre-suit knowledge, as required for willful . . . infringement"); *iFIT*, 2022 WL 609605, at *1–2 (dismissing claims of willful infringement for failure to allege pre-suit knowledge).

      *Second*, Endobotics's claims of willful infringement against Hologic fail for a separate reason—it does not plead a single fact alleging that Hologic knew or should have known that its conduct was infringing the Asserted Patents. The only relevant allegation in the Complaint is conclusory where Endobotics alleges that "Hologic's infringement has been and continues to be deliberate, willful, intentional, egregious, and with knowledge of the [Asserted Patents], at least as of the filing of this Complaint." (ECF No. 1, ¶¶ 31, 52, 72.) Such a conclusory statement is insufficient. *See, e.g.*, *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F.Supp.3d 1088, 1098–99 (N.D. Cal. 2022) (dismissing willful infringement claims because "Dali only alleges that Corning knew of the *patents*, not that Corning knew of *infringement* of the patents") (emphases in original); *iFit*, 2022 WL 609605, at *2 ("Even if iFIT had sufficiently alleged knowledge of the '407 patent, mere knowledge of the patent cannot support an allegation of willful infringement. . . . iFIT must plead both knowledge of the patent and of the infringement."); *Malvern Panalytical Ltd v. TA Instruments-Waters LLC*, No. 19-CV-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (dismissing claim of willful infringement because the complaint "[did] not contain any specific allegations concerning Waters' knowledge of infringement") (citing *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021)); *Cleveland Med. Devices Inc.*, 2023 WL 6389628, at *7 (dismissing claims of pre-suit and post-suit willful infringement where the complaint did "not assert any nonconclusory facts supporting" knowledge of infringement despite undisputed knowledge of the asserted patents).

In sum, Endobotics's pre-filing and post-filing willfulness claims should be dismissed because the Complaint fails to alleges facts to support that Hologic had any pre-filing knowledge of the Asserted Patents or that Hologic knew, or should have known, it was infringing the Asserted Patents.

## V.  CONCLUSION

For the foregoing reasons, Hologic respectfully requests that the Court dismiss Endobotics's claims of direct infringement, induced infringement, contributory infringement, and willful infringement.

DATED: May 20, 2024                           Respectfully submitted,

                                              */s/ Joshua Barlow*
                                              _____

                                              Joshua Barlow (BBO #667472)
                                              **ARNOLD & PORTER KAYE SCHOLER LLP**
                                              200 Clarendon Street | 53rd Floor
                                              Boston, MA 02116
                                              Telephone: (617) 351-8052
                                              Joshua.Barlow@arnoldporter.com

                                              Matthew M. Wolf
                                              Jennifer A. Sklenar
                                              Drew M. Needham
                                              **ARNOLD & PORTER KAYE SCHOLER LLP**
                                              601 Massachusetts Ave., NW
                                              Washington, DC 20001
                                              Telephone: (202) 942-5000
                                              Matthew.Wolf@arnoldporter.com
                                              Jennifer.Sklenar@arnoldporter.com
                                              Drew.Needham@arnoldporter.com

Wallace Wu
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 243-4104
Wallace.Wu@arnoldporter.com

## <u>CERTIFICATE OF SERVICE</u>

      I, Joshua Barlow, hereby certify that pursuant to Local Rule 5.4(c), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Joshua Barlow*  
Joshua Barlow
