## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

_____
                                )
ENDOBOTICS, LLC,                )
                                )
            Plaintiff,          )
                                )       Civil Action
v.                              )       No. 24-10746-PBS
                                )
HOLOGIC, INC.,                  )
                                )
            Defendant.          )
_____)


## MEMORANDUM AND ORDER

August 13, 2023

Saris, D.J.


### INTRODUCTION

Plaintiff Endobotics, LLC brings this suit against Defendant Hologic, Inc., alleging infringement of three patents: U.S. Patent No. 7,147,650 (the "'650 patent"), U.S. Patent No. 7,338,513 (the "'513 patent"), and U.S. Patent No. 7,364,582 (the "'582 patent") (collectively, the "Asserted Patents"). The Asserted Patents are all titled "Surgical Instrument" and relate to manually operated instruments used in surgeries. Endobotics asserts claims of direct infringement, induced infringement, contributory infringement, and willful infringement against Hologic with respect to surgical products from Hologic's "CoolSeal Portfolio" (collectively, the "Accused Products").

1

Hologic moves to dismiss on the ground that Endobotics does not plausibly show that two material limitations -- "bendable motion member" and "proximal bendable member" -- are present in the Accused Products. Hologic also moves to dismiss the induced, contributory, and willful infringement claims based on the complaint's failure to plead pre-suit knowledge of the Asserted Patents. After hearing, the Court **ALLOWS IN PART** and **DENIES IN PART** Hologic's motion to dismiss (Dkt. 14).

## BACKGROUND

The following facts are drawn from Endobotics' complaint (Dkt. 1), the '650 patent (Dkt. 1-1), the '513 patent (Dkt. 1-2), and the '582 patent (Dkt. 1-3).

The Asserted Patents are titled "Surgical Instrument" and relate to "manually operated surgical instruments that are intended for use in minimally invasive surgery." See '650 patent at 1:6-8. The patented invention allows surgeons to manipulate endoscopic and laparoscopic instruments with greater dexterity than previous instruments. All three patents claim priority to U.S. Patent Application No. 10/822,081 which was filed on April 12, 2004. The '513 patent and the '582 patent are both continuations of the '650 patent and expired on April 12, 2024. The '650 patent expired on July 6, 2024. Endobotics is the sole assignee and owner of the Asserted Patents.

In its complaint, Endobotics identifies claim 60 as an exemplary claim of the '650 patent. Claim 60 recites:

> 60. A surgical instrument comprising:
> an elongated instrument shaft having proximal and distal ends;
> a tool disposed from the distal end of the instrument shaft; and
> a control handle disposed from the proximal end of the instrument shaft;
> said tool being coupled to the distal end of said elongated instrument shaft via a first movable member;
> said control handle coupled to the proximal end of said elongated instrument shaft via a second movable member;
> whereby movement of said control handle with respect to said elongated instrument shaft via said second movable member causes attendant movement of said tool with respect to said elongated instrument shaft via said first movable member;
> wherein at least one of said first and second members comprises a **bendable motion member**;
> further including a motion member locking mechanism for releasably locking said movable members;
> said motion member locking mechanism comprising a locking mechanism for impeding cable means that extend between said movable members.

'650 patent at 21:54-22:10 (emphasis added). As shown above, one of the elements of claim 60 is a "bendable motion member." Id. at 22:5. Figure 1 of the '650 patent depicts a side view of one embodiment of the surgical instrument:



Figure 1

Endobotics also identifies claim 1 of the '513 patent and claim 41 of the '582 patent as exemplary claims. Both claims include limitations involving a "distal bendable member" and a "proximal bendable member." See '513 patent at 20:2-19; '582 patent at 20:17-35. Figure 2 of the '513 patent depicts sequential side views of one embodiment of the surgical instrument where the "distal bendable member" and the "proximal bendable member" bend in the same direction:



With respect to the term "bendable motion member," the specification of the Asserted Patents states the following:

> [The term] refer[s] to an element of the instrument that is controllably bendable in comparison to an element that is pivoted. The bendable elements of the present invention enable the fabrication of an instrument that can bend in any direction without any singularity, and that is further characterized by a ready capability to bend in any direction, all with a single unitary structure. A definition of these bendable motion members is -- an instrument element, formed either as a controlling means or a controlled means, and that is capable of being constrained by tension or compression forces to deviate from a straight line to a curved configuration without any sharp breaks or angularity.

See '650 patent at 4:60-5:6.

4

On March 22, 2024, Endobotics filed suit against Hologic. The complaint alleges that Hologic infringes the Asserted Patents by making and selling products from its "CoolSeal Portfolio," which includes the CoolSeal Trinity, CoolSeal Reveal, CoolSeal Mini, and JustRight products. The complaint includes illustrative images of the Accused Products:



| CoolSeal Trinity | CoolSeal Reveal |
|---|---|
| CoolSeal Mini | JustRight |

See Dkt. 1 at 3. Endobotics alleges that the Accused Products infringe the '650 patent (Count I), the '513 patent (Count II), and the '582 patent (Count III). In addition to alleging direct infringement, Endobotics also alleges induced, contributory, and willful infringement of each of the Asserted Patents.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555 (cleaned up); see also Rodríguez Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007). The plausibility standard requires the Court to approach the motion in two steps. First, the Court must "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). The Court must then determine whether the factual allegations allow it "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## DISCUSSION

### I.   Direct Infringement

In a patent infringement case, the factual allegations in a plaintiff's complaint must be sufficient to show that the plaintiff has a plausible claim for relief. Iqbal, 556 U.S. at 679. However,

a "plaintiff is not required to plead infringement on an element-by-element basis." Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1352 (Fed. Cir. 2021). Instead, the complaint must put the alleged infringer "on notice of what activity or device is being accused of infringement." K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1284 (Fed. Cir. 2013). "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." Bot M8, 4 F.4th at 1353; see also Ocean Semiconductor LLC v. Analog Devices, Inc., 698 F. Supp. 3d 204, 208 (D. Mass. 2023) ("This case highlights the difficulty of determining plausibility before claim construction and discovery given the complexity of the technology").

Hologic argues that the complaint fails to plausibly allege direct infringement of: (1) the "bendable motion member" limitation in claim 60 of the '650 patent and (2) the "proximal bendable member" limitation in claim 1 of the '513 patent and claim 41 of the '582 patent. In response, Endobotics contends that it is not required to plead infringement on an element-by-element basis, and that its complaint identifies the Accused Products by name and model number, which it argues is sufficient to provide Hologic with fair notice of infringement.

First, to support its allegations of infringement of the '650 patent, Endobotics includes images in its complaint with arrows identifying an "elongated instrument shaft having proximal and distal ends" in each of the Accused Products. See Dkt. 1 at 4. On the distal end of the shaft, the arrows point to a tool that is coupled to the shaft "via a first movable member." Id. at 4. On the proximal end of the shaft, the arrows point to a control handle coupled to the shaft "via a second movable member." Id. at 5. Hologic argues that the complaint fails to identify any structure that satisfies the "bendable motion member" limitation. However, claim 60 only requires one of the two movable members (i.e., either the first or the second movable member) to comprise a "bendable motion member." See '650 patent at 22:4-5. The "first movable member" appears to be the same structure as the "distal bendable member" in the exemplary claims of the '513 and '582 patents. Hologic does not seem to dispute that the "distal bendable member" is plausibly "bendable" and present in the Accused Products with respect to the other two patents. See Dkt. 1 at 10, 16. Thus, drawing all reasonable inferences in Endobotics' favor, the Court finds that the complaint has plausibly pled direct infringement of the '650 patent by the Accused Products. The motion to dismiss with respect to Endobotics' claim of direct infringement of the '650 patent is **DENIED**.

Second, to support its allegations of infringement of the '513 and '582 patents, Endobotics identifies structures in the Accused Products that it alleges meet the "distal bendable member" and "proximal bendable member" limitations. Hologic does not challenge the identification of the "distal bendable member" limitation -- it only challenges the "proximal bendable member" limitation. Paragraph 40 and paragraph 61 of Endobotics' complaint include images with arrows pointing to a structure that Endobotics alleges is the "proximal bendable member" in each of the Accused Products:



| CoolSeal Trinity | CoolSeal Reveal |
|---|---|
| CoolSeal Mini | JustRight |

See Dkt. 1 at 11, 17. Confusingly, the complaint also identifies this same structure as the "rotation knob" of the Accused Products. See id. at 12. Endobotics alleges that this structure is bendable, whereas Hologic argues that it is not. Based on the images included

in the complaint, and without additional factual allegations, it is not clear whether the identified structure at the proximal end of the shaft is bendable or not.

While it is not necessary for the Court to construe the term "bendable" at this stage, or for the complaint to plead allegations on an element-by-element basis, "the Court requires some specific factual allegations illustrating alignment with at least certain elements, beyond the general assertion that the Products have the claim elements, so as to render the patent infringement claim plausible." See Heidary v. Amazon.com, Inc., No. 22-2319, 2023 WL 8653184, at *6 (D. Md. Dec. 14, 2023). At the motion hearing, Endobotics stated that it had obtained videos and other documents, not yet cited in the complaint, showing that the Accused Products contain a "proximal bendable member." The Court ordered Hologic to provide the Accused Products to Endobotics for examination. Accordingly, the motion to dismiss with respect to Endobotics' claims of direct infringement of the '513 and '582 patents is **ALLOWED** without prejudice to a motion to amend the complaint filed within 30 days. Endobotics' amended complaint should identify the structure in the Accused Products that it alleges satisfies the "proximal bendable member" limitation.

## II.  Indirect and Willful Infringement

Hologic next argues that Endobotics' claims of indirect and willful infringement must be dismissed because the complaint lacks

factual allegations from which it can be inferred that Hologic had knowledge of the Asserted Patents prior to the filing of this suit. Endobotics counters that its complaint provided Hologic notice of the Asserted Patents and that this post-suit knowledge satisfies the knowledge requirement.

Claims of indirect infringement (i.e., induced or contributory infringement) require proof that the defendant had knowledge of the asserted patent. See Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 765-66 (2011). Claims of willful infringement also require proof of knowledge. See State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."). However, "[d]istrict courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit." ZapFraud, Inc. v. Barracuda Networks, Inc., 528 F. Supp. 3d 247, 249-50 (D. Del. 2021) (noting that "[n]either the Federal Circuit nor the Supreme Court has addressed the issue").

Here, Endobotics' complaint alleges that Hologic became aware of the Asserted Patents with the filing of this suit. See, e.g., Dkt. 1 at 6 (alleging that Hologic has knowingly induced infringement "[s]ince learning of the '650 Patent, at least by the filing of this Complaint, and by failing to cease offering the

Accused Products"). The complaint does not allege any facts that show that Hologic had pre-suit knowledge. In the absence of binding authority, and "following the practice of the majority of courts in this district," I adopt the rule that a plaintiff fails to state a claim for indirect or willful infringement where the defendant's knowledge of the asserted patent is solely based on the filing of the complaint. See Canon, Inc. v. Avigilon, USA Corp., 411 F. Supp. 3d 162, 164-66 (D. Mass. 2019) ("Because [defendant]'s alleged knowledge was as a result of the complaint, [plaintiff] has not alleged facts sufficient to support such a pleading at the time of the filing."); Zond, Inc. v. Fujitsu Semiconductor Ltd., 990 F. Supp. 2d 50, 57 (D. Mass. 2014) ("This Court concludes that the arguments requiring pre-filing knowledge are more persuasive"). Accordingly, the motion to dismiss Endobotics' claims for indirect infringement and willful infringement is **ALLOWED** with prejudice.

**ORDER**

For the reasons stated above, the motion to dismiss (Dkt. 14) with respect to Endobotics' claim of direct infringement of the '650 patent is **DENIED**. The motion to dismiss with respect to Endobotics' claims of direct infringement of the '513 and '582 patents is **ALLOWED** without prejudice to a motion to amend the complaint filed within 30 days. The motion to dismiss with respect to Endobotics' induced, contributory, and willful infringement claims is **ALLOWED** with prejudice.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge